William R. Fleming v. Commissioner.
Fleming v. Commissioner
Docket No. 3603.
United States Tax Court
1945 Tax Ct. Memo LEXIS 265; 4 T.C.M. (CCH) 316; T.C.M. (RIA) 45095; March 15, 1945
*265 Frank V. Benton, Jr., Esq., 703 Newport Finance Bldg., Newport, Ky., for the petitioner. W. W. Kerr, Esq., for the respondent. LEECH
Memorandum Opinion LEECH, Judge: Respondent determined a deficiency in income tax of $927.73 for the calendar year 1941 by disallowing deductions of $4,812.07 claimed by petitioner on his return for that year, as a loss then realized, and $30 as Federal old age benefit taxes paid in that year. Petitioner concedes that the disallowance of the second item was correct. [The Facts] The facts are stipulated and are so found. In 1920 petitioner purchased a participating policy of insurance in the amount of $25,000, on his life. The annual premium on this policy was $833. This policy of insurance had a stipuated cash surrender value which increased in amount with the age of the policy. In 1931 the insurance company which issued the policy became involved in financial difficulties, causing the Insurance Department of the State of Kentucky to intervene and, as a result, certain of its policies, including the one issued to petitioner, were taken over and the liability thereon assumed by another company upon terms approved by the Insurance *266 Department. The reserves against the policies taken over were insufficient and the new company in taking them over did so with a lien against each, including the policy of petitioner, amounting to 60 per cent of the reserve. For a time petitioner continued to pay the premium on his policy, together with the interest upon the lien amount. Due to the fact, however, that the existence of the lien would reduce the net amount paid upon his death, petitioner decided to surrender the policy and take the net cash surrender value. Accordingly, on May 19, 1941, he surrendered the policy and of the total cash surrender value of the policy as of that date, it is stipuated that $4,810 was retained by the company to discharge the reserve lien and interest to that date. Respondent contends that the loss in question was not allowable for two reasons: first, that it was not sustained in a transaction entered into for profit and second, that it was not realized in 1941 but in the prior year when the policy was taken over by the new company and a lien placed against the reserve. Both of these contentions were answered adversely to respondent upon identical facts, in Moses Cohen, 44 B.T.A. 709. *267 In that case it was held that, upon his surrender of a similar policy, the petitioner there was entitled to deduct a loss in the amount of the cash surrender value of the policy retained by the company to discharge the lien placed against the reserve in a prior year. We hold that petitioner is entitled to the deduction of $4,810. Decision will be entered under Rule 50.